IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60284
Summary Calendar

_____

THEODORE OSBORNE,

Petitioner-Appellant,

versus

U.S. DISTRICT COURT, Southern
District of Mississippi, Biloxi, MS,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:94cv489GR
- - - - - - - - - -
November 26, 1997

Before DUHÉ, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Theodore Osborne, federal prisoner # 98686-131, appeals the district court's denial of his 28 U.S.C. § 2241 federal habeas corpus petition. Osborne argues the Parole Commission erred in requiring the forfeiture of his street time for a misdemeanor conviction and that the Commission waived the right to use the misdemeanor conviction as the basis for the forfeiture. Under 18 U.S.C. § 4210(b)(2), the forfeiture of the street time was required for parolees convicted of an offense punishable by a term of imprisonment. See Munguia v. United States Parole

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Comm'n, 871 F.2d 517, 521 (5th Cir. 1989). Osborne's possession of marijuana offense was punishable by a term of imprisonment. Therefore, the forfeiture of Osborne's street time was mandatory and the Parole Commission did not have discretion to waive Osborne's parole violation.

Osborne argues that the forfeiture of his street time violated his due process rights because he did not receive notice or a hearing prior to the forfeiture. Because the forfeiture was mandatory, the lack of a notice or hearing did not violate the Due Process Clause. See Munquia, 871 F.2d at 521.

Osborne argues that the forfeiture of his street time violated the Double Jeopardy Clause. The Double Jeopardy Clause does not apply to parole revocation proceedings. See Cortinas v. United States Parole Comm'n, 938 F.2d 43, 46-47 (5th Cir. 1991); United States v. Whitley, 649 F.2d 296, 298 (5th Cir. 1981) (same). Therefore, Osborne's claim lacks merit.

Osborne contends that the Parole Commission erred in revoking his parole based on the possession of cocaine charge because the charge was ultimately dismissed with prejudice. Conviction of a criminal charge is not a constitutional prerequisite to the revocation of parole. See Amaya v. Beto, 424 F.2d 363, 364 (5th Cir. 1970). The record shows that the Parole Commission's July 1990 parole revocation decision is supported by "some evidence," including Osborne's guilty-plea conviction for possession of marijuana in 1987. The record also shows that the Parole Commission's June 4, 1994, parole revocation decision was support by "some evidence," including Osborne's cocaine use. The

record further shows that the National Appeals Board found in November 1995 that parole revocation was necessary due to Osborne's cocaine use in February 1995.  Because the record contains "some evidence" to support the Parole Commission's decision, Osborne's parole revocation must be affirmed.  See Villareal v. United States Parole Comm'n, 985 F.2d 835, 839 (5th Cir. 1993).

AFFIRMED.